UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | Case No. 2:15-CV-1683 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| MAPLEWOOD SPRINGS HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant SFR Investments Pool 1, LLC's ("SFR") motion to certify a question of law. (ECF No. 94).

In that motion, SFR requests that the court certify the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice?" (ECF No. 94 at 1).

The court declines to certify this question as controlling precedent is available for guidance on this issue. The Ninth Circuit, in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016)—which SFR cites to in its motion—expressly answered this exact question in the negative. More specifically, the Ninth Circuit held, in relevant part, as follows:

> Bourne Valley argues that Nevada Revised Statute section 116.31168(1), which incorporated section 107.090, mandated actual notice to mortgage lenders whose rights are subordinate to a homeowners' association super priority lien. . . . According to Bourne Valley, this incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request.
> . . . .
> If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even

absent a request, section 116.31163 and section 116.31165 would have been meaningless. We reject Bourne Valley's argument.

*Bourne Valley*, 832 F.3d at 1159.

Thus, the court will deny SFR's motion to certify this question to the Nevada Supreme Court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that SFR's motion to certify (ECF No. 94) be, and the same hereby is, DENIED.

DATED April 20, 2017.

_____
UNITED STATES DISTRICT JUDGE